UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alan J. Wolff and Dennis R. Mellies, individually and on behalf of all others similarly situated,

Civ. File No. 01-1031 (PAM/JGL)

Plaintiffs,

v.

Aventis Cropscience USA Holding, Inc.,

Defendant.

---

**MEMORANDUM AND ORDER**

Verlon Ponto, Jon Untiedt, and David Christoffer, individually and on behalf of all others similarly situated,

Civ. File No. 01-1032 (PAM/JGL)

Plaintiffs,

v.

Aventis Cropscience USA Holding, Inc.,

Defendant.

---

The above-entitled cases were consolidated by this Court on July 27, 2001. This matter is now before the Court on Plaintiffs' Motions to Remand. For the reasons that follow, the Court denies the Motions.

FILED AUG - 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**BACKGROUND**

Defendant Aventis Cropscience USA Holding, Inc. ("Aventis") developed and now markets and distributes StarLink corn, a genetically modified bio-engineered corn hybrid containing Cryc9C, a pest resistant protein. Because Cryc9C is a potential human allergen, it has not been approved for human consumption by the Environmental Protection Agency ("EPA"). In order to ensure that Cryc9C did not make its way into the human food chain, the EPA placed stringent limits on StarLink corn's distribution and use. Among other things, Aventis is required to inform farmers that StarLink is unfit for human consumption and that it has been approved only for use in animal feed and other industrial uses. Aventis must also inform farmers that a buffer zone of at least 660 feet must be placed around StarLink corn crops to prevent cross-pollination.

Plaintiffs Alan Wolff, Dennis Mellies, Verlon Ponto, Jon Untiedt, and David Christoffer are Minnesota farmers who grew StarLink and/or non-StarLink corn during the 2000 growing season. Plaintiffs allege that Aventis failed to comply with the EPA's registration requirements, thereby permitting large-scale cross-pollination that ultimately resulted in StarLink's introduction into human food products such as taco shells, corn chips, and cornmeal. Plaintiffs contend that they were harmed by this widespread contamination in the form of depressed corn prices, increased seed prices for the 2001 corn season, and other expenses associated with ensuring that the 2001 corn crop is not contaminated or pollinated by StarLink corn. In their respective Complaints, Plaintiffs allege that Aventis'

conduct violated North Carolina's consumer protection statute, N.C. Gen. Stat. § 75-1.1. Plaintiffs also allege state law claims of negligence and nuisance. Plaintiffs Wolff and Mellies also allege violations of Minnesota's consumer protection statutes, Minn. Stat. §§ 325F.69, 325D.44, and 325F.67. Plaintiffs seek to proceed with these cases as class actions.

The above-entitled cases were originally filed in Minnesota state court on May 9, 2001.[1] On June 7, 2001, Aventis timely removed the cases to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiffs now seek a remand for failure to meet the amount in controversy.

It should be noted that the instant cases are essentially identical to numerous other cases filed throughout the country. On June 20, 2001, those cases were designated for multidistrict litigation and transferred to the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re StarLink Corn Prods. Liability Litig., MDL No. 1403, CTO-1 (J.P.M.L., June 20, 2001). The above-entitled cases have since been included in the list of cases designated for multidistrict handling. In re StarLink Corn Prods. Liability Litig., MDL No. 1403, CTO-1 (J.P.M.L., July 25, 2001). Therefore, should Plaintiffs' Motions to Remand fail, their cases will be transferred to the Northern District of Illinois for pretrial proceedings.

---

[1] Plaintiffs Alan Wolff and Dennis Mellies filed suit in Wright County district court. Plaintiffs Verlon Ponto, Jon Untiedt, and David Christoffer filed suit in Jackson County district court.

## DISCUSSION

### A. Standard

Where a case has been removed from state court to federal court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In applying § 1447(c), the federal courts have established a presumption in favor of state court jurisdiction. As a result, the party seeking removal bears the burden of showing that the action was properly removed. In re Business Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Where, as here, the complaint is inconclusive as to the amount in controversy, the Court may look to information outside the complaint to determine the amount in controversy. United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994).

The Eighth Circuit has not yet determined what standard district courts must use to assess the adequacy of a defendant's showing that the jurisdictional amount is satisfied. Other federal courts have developed various standards to describe a defendant's burden of establishing amount in controversy. See Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3725, at 89-93 (3d ed. 1998) (describing four different standards). In cases such as this where the complaint does not specify a certain amount of damages, the Court agrees with another district court in this Circuit and finds that "the best approach requires the removing party to prove the existence of federal jurisdiction to a reasonable probability." Dupraz v. Aventis Cropscience USA Holding, Inc., 2001 WL

877108, at *2 (D.S.D. July 9, 2001) (citing Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir.1993)).

**B. Amount in Controversy**

Federal jurisdiction in this case is predicated on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). That section provides, in relevant part, that district courts shall have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and where there is diversity of citizenship. The parties here agree that there is complete diversity of citizenship. The dispute over whether remand is necessary centers on whether the amount in controversy has been met.

As an initial matter, the Court notes that although proposed as class action lawsuits, the instant cases have not yet been certified as such. Therefore, for the purposes of determining whether subject matter jurisdiction exists, the Court will examine only the claims of the individually named Plaintiffs. Plaintiffs' assertion that jurisdiction is defeated by as-of-yet unidentified putative class members is therefore unavailing.

In their Complaints, Plaintiffs abstain, probably purposefully, from making any definitive statement as to the amount in controversy in these cases. Aventis contends that despite Plaintiffs' omissions, the approximate amount in controversy can be gleaned from an audit of the relief sought in the Complaints. Aventis maintains that when the specific relief sought is carefully scrutinized, it is clear that the amount in controversy necessary to trigger federal court jurisdiction is satisfied as to each named Plaintiff. The Court agrees.

According to their Complaints, Plaintiffs seek trebled compensatory damages and exemplary, or punitive, damages for their injuries based on Aventis' alleged misconduct. Plaintiffs' alleged injuries are extensive. They seek compensation for (1) the "significant" cost of segregating non-StarLink corn from StarLink corn; (2) the diminished market value of their corn; (3) the incursion of additional transportation charges in marketing their StarLink and StarLink-contaminated corn; (4) the loss of the opportunity to freely market their StarLink and StarLink-contaminated corn; (5) the loss and risk of losing money through the loss of premiums on their crops resulting from the contamination of the national corn supply with StarLink corn; (6) the contamination of their farming equipment, storage facilities, harvesting equipment, transportation facilities and equipment, and soil; and (7) future injury the may be caused by unintended cross-pollination and contamination. (Wolff Compl. ¶¶ 35-41; Ponto Compl. ¶¶ 34-42.)

Plaintiffs also seek broad prospective injunctive relief from Aventis' alleged misconduct including the decontamination of "all soil, farming equipment, storage equipment, harvest equipment, transportation facilities, grain elevators and non-StarLink seed supplies to prevent future contamination for the 2001 growing season and beyond." (Wolff Compl. at 16; Ponto Compl. at 14.) According to Aventis, the cost of such decontamination would be significant, and for some Plaintiffs would meet the amount in controversy without regard to the other relief sought in these cases. Plaintiffs have not convincingly rebutted Aventis' proffered calculation in this regard.

When these individual components of Plaintiffs' claim for relief are considered, the Court concludes that a reasonable estimate of the amount in controversy for each named Plaintiff in these cases easily exceeds the amount required by § 1332(a). Thus, the Court is satisfied that Aventis has proven the existence of federal jurisdiction to a reasonable probability. The Court will therefore join the overwhelming majority of federal district courts that have recently addressed this issue under essentially identical facts and deny Plaintiffs' Motions to Remand.[2] See Dupraz, 2001 WL 877108; Smith v. Aventis Cropscience USA Holdings, Inc., Civil No. JFM-01-710 (D. Md. June 4, 2001); Olsen v. Aventis Cropscience USA Holdings, Inc., Civil No. A1- 01-32 (D.N.D. May 24, 2001); Jemar, Inc. v. Aventis Cropscience USA Holdings, Inc., No. 01-CV-138 (D. Neb. May 18, 2001); Schnoebelen v. Aventis Cropscience USA Holdings, Inc., No. 01-1059-WEB (D. Kan. May 7, 2001); Sutter v. Aventis Cropscience USA Holdings, Inc., 2001 WL 619424 (S.D. Iowa Apr. 12, 2001); but see Mulholland v. Aventis Cropscience USA Holdings, Inc, No. 01-CV-0160-DRH (S.D. Ill. May 31, 2001) (remanding to state court); Rose v. Aventis Cropscience USA Holdings, Inc., No. IP01-0201 C M/S (S.D. Ind. Apr. 17, 2001) (same).

---

[2] Because the Court finds that each individual Plaintiff satisfies the amount in controversy, the Court need decide whether Plaintiffs may aggregate their claims under the "single fund" theory advanced by Aventis. See Aetna/US Healthcare v. Hoechst Aktiengesellschaft, No. 99-124 (DWF/AJB) (D. Minn. Apr. 29, 1999).

**CONCLUSION**

Based upon all of the files, records, and proceedings herein, the Court denies Plaintiffs' Motions to Remand.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motions to Remand (Clerk Doc. Nos. 2 and 3) are **DENIED**;
2. The parties' requests for oral argument are **DENIED**;
3. Defendant's Motions to File Sur-reply (Clerk Doc. Nos. 10 and 14) are **GRANTED**; and
4. Defendant's Motion to Strike Letter Brief in Civil File No. 01-1031 (PAM/JGL) (Clerk Doc. No. 14) is **DENIED**.

Dated: August 8, 2001

Paul A. Magnuson
United States District Court Judge

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500